AMERICAN TARA CORPORATION, the Jay Madden Corporation and the Finnish Paper Mills Association, Plaintiffs,

v.

ATLANTIC GULF SERVICE AB, Admiral Merchants Motor Freight Inc., Jack Cole-Dixie Highway Company, Enso-Gutzeit O/Y and the SS FINNCLIPPER, its engines, boilers, etc., Defendants.

No. 76 Civ. 2648 (KTD).

United States District Court,
S. D. New York.

Oct. 25, 1978.

John P. D'Ambrosio, P.C., Elmsford, N.Y., for plaintiffs; John P. D'Ambrosio, Elmsford, N.Y., of counsel.

Haight, Gardner, Poor & Havens, New York City, for defendants Atlantic Gulf Service AB and Enso-Gutzeit O/Y; M. E. DeOrchis, Vincent M. DeOrchis, New York City, of counsel.

Tell, Cheser, Breitbart & Lefkowitz, New York City, for defendants Admiral Merchants and Jack Cole-Dixie; Franklin D. Tell, New York City, of counsel.

## MEMORANDUM AND ORDER

KEVIN THOMAS DUFFY, District Judge.

This action was brought by plaintiffs American Tara Corporation, the Jay Madden Corp. and the Finnish Paper Mills Association, to recover for damage to 89 rolls of tissue paper sold by Finnish Paper to American Tara and shipped via defendants, the ocean and overland carriers. Plaintiffs now move for summary judgment pursuant to F.R.Civ.P. 56, asserting that no genuine issues exist as to any material fact and that as a matter of law they are entitled to prevail. Defendants contend that a number of issues exist which must be resolved at trial.

Plaintiffs claim that the 89 rolls of tissue paper were loaded aboard defendant Atlantic Gulf Service AB's vessel SS Finnclipper at Hamina, Finland on or about May 27, 1975. A clean bill of lading was issued for the goods indicating they were in apparent good condition.

Upon arrival at Mobile, Alabama, the rolls were discharged by Dalton Steamship Corporation, agents for the vessel and delivered to defendant Admiral Merchants Motor Freight, Jack Cole-Dixie Highway Company for overland carriage to plaintiff American Tara in Chamblee, Georgia. At this time 47 rolls were noted to be damaged in that tearing to the tenth layer of the tissue paper was noted.

The goods were delivered to American Tara's premises and no exceptions were noted on the delivery receipts. A surveyor examined the rolls on July 3, 1975 and found considerable damage. The surveyor attributed this damage to carelessness and rough handling at some point during the course of the journey between Finland and the United States. Plaintiffs ultimately rejected 42 rolls and obtained salvage value for the remaining 47. They seek $17,000.42 in damages from defendants.

Plaintiffs assert that based upon the above evidence, they have made out a prima facie case under the Carriage of Goods by Sea Act ["COGSA"], 46 U.S.C. § 1300 et seq. (1970). It is true that a cargo owner establishes a prima facie case for damage to cargo by showing receipt by the shipowner in good condition and delivery in a damaged state. Dempsey & Associates v. S.S. Sea Star, 461 F.2d 1009, 1014 (2d Cir. 1972). And a clean bill of lading is "prima facie evidence of receipt by the carrier of goods as described in the bill." Id. It is also true, however, that the bill of lading only reflects the apparent or external good condition of the goods. S. M. Sartori, Inc. v. Kastav, 412 F.Supp. 1181 (S.D.N.Y.1977). Since the major complaint of American Tara appears to be the damage to the cores of the rolls, and whether this damage was apparent or concealed is an issue in dispute, it may not be sufficient for plaintiffs to rely upon the clean bill of lading to establish a prima facie case. Rather, there may be a need for some evidence beyond the bill of lading, such as testimony regarding the nature of the goods and the type of damage suffered. S. M. Sartori, supra.

Moreover, defendants have raised several factual issues that are in need of resolution. For example, there are questions as to the condition of the goods at the point of manufacture and questions regarding the manner in which the goods were packed by the shipper and handled by the overland carrier

who transported the goods between the manufacturer's place of business and the ocean carrier at Hamina. There may also be a question as to the inherent nature of the goods. *See generally Rayonier Export Corp. v. Steamship Santa Malta*, 1963 A.M.C. 2652 (S.D.N.Y.1973).

On a motion for summary judgment, the moving party bears the burden of establishing that there are no factual issues and that they are entitled to judgment as a matter of law. *Battery Steamship Corporation v. Refineria Panama S.A.*, 513 F.2d 735, 738 (2d Cir. 1975). All inferences drawn from the supporting evidentiary material must be in favor of the party opposing the motion and against the movant. *Id.* The movant's burden is not a light one, and it is clear that in the instant case this burden has not been met. Too many factual issues remain to be resolved. As a result, I must conclude that this is not a proper case for summary judgment.

Plaintiffs' motion is denied.

SO ORDERED.